**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| KAMISHA DEWITT, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Case No: 3:21-cv-00175 |
| v. | § | JURY |
| | § | |
| CRUX BIOMEDICAL, INC.; VOLCANO | § | |
| CORPORATION; and KONINKLIJKE | § | |
| PHILIPS N.V., | § | |
| | § | |
| *Defendants.* | § | |

**MOTION FOR CONTINUANCE**

COMES NOW, Plaintiff, Kamisha Dewitt ("Plaintiff") in this matter against Defendants, Cruz Biomedical, Inc., Volcano Corporation and Koninklijke Philips N.V., files this Motion for Continuance, and in support thereof would respectfully show the Court as follows:

This case was initiated by Plaintiff Kamisha Dewitt against Defendants Cruz Biomedical, Inc., Volcano Corporation and Koninklijke Philips N.V., ("Defendants") (collectively, the "Parties"), for damages arising from injuries she sustained from an Inferior Vena Cava ("IVC") filter implanted in the Plaintiff's vena cava on or about December 23, 2016. [ECF Doc. 1]. Since then, the Parties have been continuing their efforts in this matter in accordance with the Docket-Control Order issued September 22, 2021 and the subsequent modifications that have been granted. [ECF Doc. 11, 16, 18]. This case is currently set for docket call on December 9, 2022, with trial to be set the following sixty (60) days.

Given the number of out-of-state fact witnesses, including Defendants' company

employees, and experts that are anticipated to be called at the trial of the case, Plaintiff requests the Court to reset the trial with a special setting in one hundred twenty (120) days from the current setting. The amount of discovery relating to this case is voluminous and incorporates thousands of corporate documents from Defendants Cruz Biomedical, Inc., Volcano Corporation and Koninklijke Philips N.V. that will require review, categorization, and indexing. Specifically, Defendants produced over 10,430 PDF documents on August 5, 2022, amounting to fifteen gigabytes (15GB) of discovery. These documents were produced in response to Plaintiff's requests for production. Defendants initially responded to Plaintiff's request for production on July 11, 2022, after Plaintiff, acting in good faith,  agreed to extend Defendants' deadline to respond based upon Defendants' need. (*See* Exhibit "A" – Defendants' Response to Plaintiff's Request for Production; *see also,* Exhibits "B" & "C" – Plaintiff's E-mails agreeing to extend deadlines). When Defendants produced the responses to Plaintiff's requests for production on July 11, 2022, Defendants stated that they would provide the document production once the Parties had entered a protective order. Defendants stated that they would send a proposed protective order shortly after serving the responses. On July 27, 2022, over two weeks after Defendants served their responses to Plaintiff's discovery requests, Defendants sent a proposed Protective Order to the Plaintiff. Plaintiff expressed they are not opposed to the proposed Protective Order two days later on July 29, 2022. Defendants filed the unopposed Protective Order on August 4, 2022. Thus, on August 5, 2022, the documents relevant to this matter were served on Plaintiff.

Regardless of when the discovery requests were first served on Defendants, under Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Defendants should have produced relevant documents within a timely manner.  Instead, the over 10,000 documents were only made

available to Plaintiff more than three weeks after the Defendants stated they would supplement their responses to the Plaintiff's request for production.

The Plaintiff requires more time to sort through all relevant documents and information relating to the allegations brought forward in this action. This would also entail the identification of any fact witnesses whose testimony would be indispensable to the claims arising from the Defendants' design, manufacture, and sale of the IVC filter implanted within the Plaintiff. The information requested is vital to the claims Plaintiff has asserted. Plaintiff submits a Proposed Amended Docket-Control Order so as to give each party sufficient time to complete discovery, take depositions, and prepare for trial. *See* Exhibit D.

The Parties have a history of settling personal injury matters relating to the Defendants' IVC filter. Plaintiff's counsel also represented the Plaintiffs in *Nancy Wojtas v. Crux Biomedical Inc. et al,*[1] and *Dawn Miller v. Crux Biomedical Inc., et al,*[2] which resolved amongst the Parties. Due to the history and nature of these settlements, it was Plaintiff's belief that the Parties would be able to resolve this matter amongst themselves. Although negotiations were thought to be progressing, discussions came to an impasse due to the deadlines in the existing scheduling order and the recent disclosure of more than 10,000 documents.

The Defendants are opposed to this Motion and the requests herein. This request will not prejudice either party should it be granted. This motion is not sought for delay, but that justice may be done by providing the opportunity to present the complete issues before the Court in the most efficient manner. In fact, should the request be denied, it would unduly burden the Plaintiff

---

[1] *Nancy Wojtas v. Crux Biomedical, Inc, Volcano Corporation, Koninklijke Philips N.V., and DOES 1 through 50;* Cause No. 37-2017-00005188-CU-PL-CTL, in the Superior Court of California, County of San Diego.
[2] *Dawn Miller v. Crux Biomedical, Inc, Volcano Corporation, Koninklijke Philips N.V., and DOES 1 through 50;* Cause No. 37-2017-00005188-CU-PL-CTL, in the Superior Court of California, County of San Diego.

given the large discovery production and anticipated dispositive motions.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that the above-styled and numbered cause be removed from its present trial setting and be continued for one hundred twenty (120) days. The Plaintiff has submitted, through Exhibit "D," a proposed Amended Docket-Control Order for entry by the Court based upon the new trial setting.

Dated:  August 5, 2022.

Respectfully Submitted,

**MARTIN BAUGHMAN, PLLC**

*/s/ Ben C. Martin*
Ben C. Martin (TX Bar No. 13052400)
3141 Hood Street, Suite 600
Dallas, Texas 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
bmartin@martinbaughman.com

***Attorney for Plaintiff, Kamisha Dewitt***

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing document was electronically

served on the attorneys of record on August 5, 2022:


Katherine M. Handy
Bowman And Brooke LLP
5345 Towne Square Drive, Suite 115
Plano, TX 75024
Telephone: (972) 616-1700
Facsimile: (972) 616-1701
Email: Katherine.Handy@bowmanandbrooke.com


*/s/ Ben C. Martin*
Ben C. Martin